Opinion filed July 15, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00056-CR
_____

## JASON LYNN DEESE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-19-0587-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Jason Lynn Deese, of the offense of causing bodily injury to an elderly individual through intentional or knowing conduct, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (c)(2), (f) (West 2019). The jury found both enhancement allegations to be true and assessed Appellant's punishment at confinement for a term of twenty-five years. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant subsequently filed a response to counsel's *Anders* brief, and this court has considered Appellant's contentions. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Crime

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

Stoppers "Repayment of Reward Fine" of $50. When a person is convicted of an offense, a separately assessed $50 fine for Crime Stoppers is inappropriate unless the defendant is ordered to repay all or part of a specific reward paid by a crime stoppers organization related to the prosecution of the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.073 (West Supp. 2020); *Jackson v. State*, 562 S.W.3d 717, 723–24 (Tex. App.—Amarillo 2018, no pet.); *see also* CRIM. PROC. art. 42A.301(b)(20) (providing that a trial court may impose a fee of up to $50 to be paid to a crime stoppers organization as a condition of community supervision). Appellant was not placed on community supervision, and nothing in the appellate record reflects that any reward was by paid by a crime stoppers organization with respect to the prosecution of Appellant. Accordingly, the trial court erred when it assessed the $50 Crime Stoppers fine in this case. *See Jackson*, 562 S.W.3d at 724. The appropriate remedy is to reform the trial court's judgment to delete the Crime Stoppers fine imposed by the trial court. *Id.*

We grant counsel's motion to withdraw; modify the judgment of the trial court to delete the "Crime Stoppers - Repayment of Reward Fine" of $50; and, as modified, affirm the judgment of the trial court.

PER CURIAM

July 15, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3